By the Court.—Barbour, Ch. J.
The generic term “ creditors,” used, as it is in the above section, without qualification, is broad enough to cover and include all of the creditors of a company, without any exception or distinction between judgment and general creditors. But that section, in effect, simply declares what shall be the individual liability of the stockholders if the capital shall not be fully paid in and a *405 certificate recorded within the time specified. The remedy, or right of action, .which is given to the creditors, is limited and defined by section 24, which is as follows:
“§24. No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act, which is not to be paid within one year from the time the debt was contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due; and no suit shall be brought against any stockholder who shall cease to be a stockholder in any such company for any debt so contracted, unless the same shall be commenced within two years from the time he shall have ceased to be a stockholder in such company, nor until an execution against the company shall have been returned unsatisfied in whole or in part ” (Id. 738).
Considering these two sections in their connection, it is apparent that, although each stockholder is declared by section 10 to be liable to the company’s creditors generally to the extent of his stock, no right of action is given to them as a class, but only, .by section 24, to such individual creditors as shall choose to avail themselves of section 24, and acquire a right of action against a stockholder by prosecuting their claims to judgment against the company, and exhausting their remedy against it by execution. Nor is a right of action against the stockholders given to all the judgment creditors, but only to such of them as shall have obtained judgments for debts which were payable in one year from the time of contracting, in suits brought within a year after the debts shall have become due. Nor can even one of that limited class of j udgment creditors sustain an action against any stockholder coming within the exceptions mentioned in section 24. It follows, in my opinion, that each judgment *406 creditor of the company, who is not excluded by the terms of the last mentioned section, may bring and maintain his action against any stockholder who is not in effect released from personal liability by the further provisions of that section ; and that no suit can properly be brought against a stockholder by the creditors generally, or the judgment creditors, or any number of them, collectively, founded upon several judgments against the company.
The judgment appealed from should be affirmed, with costs.